**RINCON BAND OF LUISENO MISSION INDIANS OF the RINCON RESERVATION, a/k/a Rincon San Luiseno Band of Mission Indians a/k/a Rincon Band of Luiseno Indians, Plaintiff—Appellant,**

v.

**Arnold SCHWARZENEGGER, Governor of California; William Lockyer, Attorney General of California; State of California, Defendants—Appellees.**

No. 06–55259.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 2008.

Filed Aug. 8, 2008.

Scott D. Crowell, Esquire, Kirkland, WA, Kimberly Anne Demarchi, Stephen

M. Hart, Esquire, Lewis & Roca, LLP, Phoenix, AZ, George L. O'Connell, Esquire, Stevens & O'Connell LLP, Sacramento, CA, for Plaintiff–Appellant.

Peter H. Kaufman, Esquire, Deputy Assistant Attorney General, AGCA–Office of the California Attorney General, San Diego, CA, for Defendants–Appellees.

Before: CANBY, KLEINFELD, and BYBEE, Circuit Judges.

## MEMORANDUM *

The Rincon Band of Luiseno Mission Indians ("Rincon") brought this action against the governor of California [1] ("the State") seeking, *inter alia*, reliance damages and a declaratory judgment regarding the aggregate maximum number of slot machine licenses available to Indian tribes in California who were parties to approximately 60 essentially identical Indian Gaming Compacts between those tribes and the State. The district court dismissed several of Rincon's claims, including these two. It dismissed the declaratory judgment action for failure to join all other tribes with similar compacts, who were subject to the same licensing pool, as required parties under Federal Rule of Civil Procedure 19. It dismissed the claim for damages as barred by the Eleventh Amendment of the U.S. Constitution. A partial final judgment was entered on the dismissed claims pursuant to Federal Rule of Civil Procedure 54(b). Rincon brings this appeal to challenge the dismissal of the declaratory judgment and reliance damage claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part.

We review for abuse of discretion a dismissal under Rule 19 for failure to join a required party. *See Dawavendewa v. Salt River Project,* 276 F.3d 1150, 1154 (9th Cir.2002). We review de novo legal conclusions underlying the court's decision. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 879 (9th Cir.2004). De novo review may therefore extend to determinations of whether a third party's interests would be impaired within the meaning of the joinder rules, if that determination decided a question of law. *Am. Greyhound Racing, Inc. v. Hull,* 305 F.3d 1015, 1022 (9th Cir.2002). Immunity under the Eleventh Amendment presents questions of law reviewed de novo. *See Cholla Ready Mix, Inc. v. Civish,* 382 F.3d 969, 973 (9th Cir.2004).

■ Rincon's declaratory judgment claim challenging the State's calculation of the maximum number of licenses in the 1999 Compact pool presents an issue identical to one addressed in *Cachil Dehe Band of Wintun Indians v. California,* 536 F.3d 1034 (9th Cir.2008), filed contemporaneously with this memorandum disposition. In *Cachil Dehe Band,* we held that an Indian tribe that is party to a 1999 Compact with California may proceed to litigate the size of the total license pool without joining other compacting tribes, because those tribes have no protectable interest in the size of the license pool that qualifies them as required parties within the meaning of Rule 19(a). That ruling

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Originally, California Attorney General William Lockyer was also named as a defendant. Rincon conceded at the district court that Lockyer did not need to be a party to the litigation, and the district court dismissed the claims against him.

**62**

controls the present appeal of Rincon's declaratory judgment claim. Accordingly, we reverse the decision of the district court and remand this claim for further appropriate proceedings.

■ We affirm the district court's dismissal of Rincon's action for reliance damages against the State. A waiver of Eleventh Amendment immunity requires "the most express language or ... overwhelming implications ... as will leave no room for any other reasonable construction." *Edelman v. Jordan*, 415 U.S. 651, 673, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) (internal quotation marks, citations and alterations omitted). Rincon identifies no such waiver applicable here. The Compact does not waive the State's immunity from collateral damages actions. This damages action does not arise out of a breach of the Compact, so it falls outside the statutory waiver for actions "arising from ... the state's violation of the terms of any Tribal–State compact to which the state is or may become a party." Cal. Gov't Code § 98005, *upheld by Hotel Employees & Restaurant Employees Int'l Union v. Davis*, 21 Cal.4th 585, 88 Cal.Rptr.2d 56, 981 P.2d 990 (1999). Therefore, the Eleventh Amendment bars the action. We affirm the district court's dismissal of this claim.

The parties shall bear their own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**